[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STATE OF CONNECTICUT KEVIN HOLMES Date of Sentence October 8, 1999 Date of Application October 11, 1999 Date Application Filed October 15, 1999 Date of Decision January 22, 2002
Application for review of sentence imposed by the Superior Court, CT Page 1745 Judicial District of Fairfield.
Docket No. CR 98-141469.
Eroll Skyers, Defense Counsel, for Petitioner.
John Smriga, Assistant State's Attorney, for the State.
Sentence Affirmed.
 BY THE DIVISION:
Following a trial by jury, the petitioner was convicted of assault, 1st degree in violation of Connecticut General Statutes § 53a-59 (a)(2). He was sentenced to a term of 15 years, execution suspended after 12 years, with probation for 5 years.
On August 5, 1998, witnesses saw the petitioner (and another person) assaulting the victim on a city street. When the police arrived the victim was unconscious and bleeding from the head. The motive for the assault was allegedly over a drug debt. The victim was removed to the hospital in critical condition. His injuries included a fractured skull and traumatic brain injury. This was an extremely vicious assault resulting in life threatening and permanent injury to the victim.
The petitioner's record includes carrying a pistol without a permit, threatening, interfering with police, sale of narcotics and it appears he was on probation when this offense occurred (with a one year suspended sentence for threatening and interfering).
In his argument to this panel, counsel's main thrust was that the identification evidence was not reliable, and the petitioner, in his remarks, believes he did not get a fair trial.
The Review Division's authority is limited in scope and issues of sufficiency of evidence must be taken to another forum. We can modify a sentence only if it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended. Connecticut CT Page 1746 Practice Book, § 43-28.
When reviewed pursuant to these standards, we agree with the attorney for the state that the sentence was fair under the circumstances. It is neither inappropriate nor disproportionate and it is affirmed.
Klaczak, Norko and Miano, J.s, participated in this decision.